**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOSEPH P. CARSON,

        Appellant,

      v.

OFFICE OF SPECIAL COUNSEL,

        Agency.

DOCKET NUMBER
AT-1221-15-0092-W-1

DATE: August 17, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joseph P. Carson</u>, Knoxville, Tennessee, pro se.

<u>Pamela Gault</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to dismiss the appeal based on adjudicatory efficiency, and to acknowledge and decline to address the appellant's claims against the Board, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant, an employee of the Department of Energy (DOE), has filed a number of IRA appeals, alleging that various agencies, including DOE, the Office of Special Counsel (OSC), and the Board, took personnel actions against him in retaliation for protected disclosures. Initial Appeal File (IAF), Tab 1 at 5; *see, e.g.*, *Carson v. Department of Energy*, MSPB Docket No. AT-1221-14-0520-W-1, Final Order at 2 (May 21, 2015); *Carson v. Office of Special Counsel*, MSPB Docket No. AT-1221-14-0620-W-1 (*Carson I*), Final Order at 2 (Mar. 25, 2015); *Carson v. Merit Systems Protection Board*, MSPB Docket No. AT-1221-14-0637-W-1, Initial Decision at 2 (Nov. 6, 2014).

¶3 In the present IRA appeal, the appellant alleged that, in reprisal for his whistleblowing activities, OSC failed or refused to properly investigate, process, and resolve his whistleblower complaints regarding DOE and the Board. IAF, Tab 1 at 4, 8, Tab 17 at 8-13. OSC moved to dismiss the appeal based on adjudicatory efficiency or collateral estoppel due to an initial decision in one of

the appellant's prior IRA appeals, *Carson I*. IAF, Tab 20 at 3-5; *see Carson I*, Initial Decision (July 25, 2014).

¶4     After issuing orders setting forth the requirements for establishing jurisdiction over an IRA appeal, and then considering the appellant's responses, the administrative judge dismissed the appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 25, Initial Decision (ID); *see* IAF, Tab 1 at 2, Tab 3 at 1-4, Tab 6 at 4, Tab 8 at 2-4, Tab 17. The administrative judge denied the agency's request to dismiss the appeal based on collateral estoppel because a petition for review was pending in *Carson I* and he did not address the agency's alternative argument that the appeal should be dismissed based on adjudicatory efficiency. ID at 2-3; *see* IAF, Tab 20 at 3-5. Instead, the administrative judge dismissed the appeal on the ground that the appellant failed to raise a nonfrivolous allegation that OSC took or failed to take a personnel action against him.[2] ID at 3-4.

¶5     The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 3. The agency has filed a response, and the appellant has filed a reply.[3] PFR File, Tabs 10, 21. In addition, the appellant has filed motions seeking leave to submit additional evidence and argument on review. PFR File, Tabs 7, 11, 17, 20.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6     The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems*

---

[2] On review, the appellant claims that the administrative judge found that he raised a nonfrivolous allegation that he engaged in protected activity by filing whistleblower complaints with OSC. Petition for Review (PFR) File, Tab 21 at 4-5. The administrative judge did not make any such finding. *See* ID. Regardless, because we resolve this appeal on other grounds, we do not reach this issue.

[3] On April 1, 2015, the Clerk of the Board granted the appellant an extension of time to file a reply and ordered him to file an amended reply to replace an unauthorized pleading filed in the interim. PFR File, Tab 18 at 1-2; *see* PFR File, Tabs 16, 21.

*Protection Board*, [759 F.2d 9](), 10 (Fed. Cir. 1985). The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under [5 U.S.C. § 2302](b)(8), or engaged in protected activity described under [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by [5 U.S.C. § 2302](a). [5 U.S.C. §§ 1214](a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, [242 F.3d 1367](), 1371 (Fed. Cir. 2001).

The Board will not address the appellant's allegations against it.

¶7 On review, as he did below, the appellant argues that the Board violates the law and enables OSC's violations of law by failing to conduct "special studies" pursuant to [5 U.S.C. § 1204](a)(3). PFR File, Tab 3 at 4-13; *see* IAF, Tab 5 at 4-5, 7, Tab 9 at 5. For the first time on review, he additionally contends that the Board's failure to conduct special studies was itself a personnel action, and that the Board took a personnel action against him through its "failure or refusal to address" his whistleblower disclosures regarding OSC. PFR File, Tab 3 at 10-11, 13-14.

¶8 The appellant previously raised the issue of whether the Board took a personnel action against him by failing to conduct special studies, including studies of OSC, in another appeal against the Board, *Carson v. Merit Systems Protection Board*, MSPB Docket No. AT-1221-14-0637-W-1. The appeal was assigned to an administrative law judge, who dismissed it for lack of jurisdiction. *See Carson v. Merit Systems Protection Board*, MSPB Docket No. AT-1221-14-0637-W-1, Initial Decision at 2, 5-7 (Nov. 6, 2014). The initial decision became the Board's final decision after all three Board members recused themselves from considering the appellant's petition for review. *Carson v. Merit Systems Protection Board*, MSPB Docket No. AT-1221-14-0637-W-1, Order (Dec. 23, 2014); *see* [5 C.F.R. § 1200.3](b). Because the Board's members previously

recused themselves from considering this issue, the Board will not address it further. The current two Board members similarly recuse themselves from addressing the appellant's new allegation that the Board took a personnel action against him by failing or refusing to address his whistleblower disclosures regarding OSC. *See* PFR File, Tab 3 at 13-14.

¶9        The Board does not, however, recuse itself from the appellant's claims against OSC. On review, he argues that the Board members cannot adjudicate these claims due to a conflict of interest.[4] PFR File, Tab 3 at 4-5.

¶10       We find that the appellant's generalized assertion that the Board enables violations of law by OSC, a separate and distinct agency, is insufficient to warrant the Board's recusal from adjudicating his claims against OSC based upon allegations of bias. *See generally Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators). Similarly, we find that the appellant has failed to establish that recusal is warranted based upon the appearance of a conflict of interest. *See generally Shoaf v. Department of Agriculture*, 97 M.S.P.R. 68, ¶¶ 7-12 (2004) (an administrative judge did not abuse his discretion in denying a recusal motion where the appellant failed to allege facts that would reasonably cause an objective observer to question the administrative judge's impartiality), *aff'd*, 158 F. App'x 267 (Fed. Cir. 2005).

The appellant's claims against OSC are dismissed based on adjudicatory efficiency.

¶11       In response to the appellant's petition for review, OSC reiterates its argument, raised below, that the appeal should be dismissed based on adjudicatory efficiency or collateral estoppel. PFR File, Tab 10 at 5; *see* IAF,

---

[4] Below, the appellant raised similar arguments in moving to recuse the administrative judge. IAF, Tab 5 at 4-5, 7. The administrative judge denied the request and also denied the appellant's motion to certify the issue for an interlocutory appeal. IAF, Tab 8 at 2, Tab 9 at 4-6; ID at 4 n.1.

Tab 20 at 3-5. We agree that the instant appeal should be dismissed based on adjudicatory efficiency.[5]

¶12    When an appellant files an appeal that raises the same claims raised in an earlier appeal before the decision in the earlier appeal has become final, the Board may dismiss the subsequent claims based upon adjudicatory efficiency. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 447, ¶ 5 (2013); *Zgonc v. Department of Defense*, 103 M.S.P.R. 666, ¶ 6 (2006) (same), *aff'd*, 230 F. App'x 967 (Fed. Cir. 2007). Appeals may be dismissed in the interest of adjudicatory efficiency where an identity of issues exists and the controlling issues in the appeal will be determined in a prior appeal. *Kinler v. General Services Administration*, 44 M.S.P.R. 262, 263 (1990).

¶13    In *Carson I*, an administrative judge found that the appellant failed to raise a nonfrivolous allegation that OSC's failure or refusal to resolve his alleged protected disclosures constituted a personnel action. *Carson I*, ID at 3-4. The appellant filed a petition for review of the initial decision in *Carson I*, which the Board denied approximately 2 months after the initial decision in the instant appeal was issued. *Carson I*, Final Order at 1-2. We found that he failed to raise a nonfrivolous allegation that OSC's investigations and prosecutorial decisions constitute personnel actions within the meaning of 5 U.S.C. § 2302(a)(2)(A). *Id.* at 4-6. Subsequently, he appealed our decision in *Carson I* to the United States Court of Appeals for the Federal Circuit (Federal Circuit), where his appeal remains pending.[6]

---

[5] On review, the appellant contends that the administrative judge did not provide him with notice of the elements of proof for collateral estoppel and adjudicatory efficiency. PFR File, Tab 21 at 5-6. However, this oversight was cured by the agency's pleading below, which provided this information. *See* IAF, Tab 20 at 3-5; *Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶ 9 (2007) (an administrative judge's failure to provide an appellant with proper jurisdictional notice can be cured if the agency's pleadings contain the notice that was otherwise lacking).

[6] Collateral estoppel may only be applied when there is a final judgment in the previous litigation. *Zgonc*, 103 M.S.P.R. 666, ¶ 6. Because the Federal Circuit will review the

¶14       We find that the determinative jurisdictional issue in the present appeal—whether the appellant raised a nonfrivolous allegation that OSC's investigations and prosecutorial decisions constitute personnel actions within the meaning of 5 U.S.C. § 2302(a)(2)(A)—is identical to the determinative jurisdictional issue in *Carson I*.[7] *See* IAF, Tab 25; ID at 3-4; *Carson I*, Final Order at 4-6. Because the controlling jurisdictional issue regarding the appellant's claims against OSC in the instant appeal will be determined by the Federal Circuit in *Carson I*, we find that his claims against OSC should be dismissed based upon adjudicatory efficiency.[8]

<u>The appellant has not shown that the new evidence that he submits and desires to submit on review is material.</u>

¶15       With his petition for review, the appellant submits two documents that he contends constitute new and material evidence: (1) a January 22, 2015 notice of proposed rulemaking regarding a proposal to amend OSC's regulations; and (2) what he characterizes as a "whistleblower disclosure" regarding the notice of

issue of the Board's jurisdiction over *Carson I* de novo, we find that the present appeal should not be dismissed based on collateral estoppel. *See Cataulin v. U.S. Postal Service*, 41 M.S.P.R. 681, 683 (1989) (a judgment pending on appeal may be given collateral estoppel effect, unless the appeal removes the entire case to the appellate court and constitutes a proceeding de novo); *Lively v. Department of the Navy*, 31 M.S.P.R. 318, 321 (1986) (same); *see also Stoyanov v. Department of the Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007) (the Federal Circuit reviews the Board's jurisdictional findings de novo).

[7] We have considered the appellant's argument on review that his claims in the present appeal differ from his claims in *Carson I* because here he alleged that OSC failed to protect him from reprisal. PFR File, Tab 21 at 7-8. However, the sole basis for his allegation that OSC failed to protect him from reprisal is that it did not properly investigate, process, and resolve his whistleblower complaints, which are the same claims he raised in *Carson I*. *See* IAF, Tab 1 at 4, 8, Tab 17 at 8-13. Therefore, the argument does not alter our conclusion that the determinative jurisdictional issues in the two appeals are identical.

[8] However, although we find that the appeal should be dismissed based on adjudicatory efficiency, the administrative judge did not err in declining to dismiss the appeal on that basis. *See, e.g.*, *Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988) ("where the requirements are met, it would not be error (though it may waste judicial resources) to decline to apply collateral estoppel").

proposed rulemaking. PFR File, Tab 1. In addition, on March 2, 2015, he filed a motion seeking leave to submit additional evidence in support of his appeal, including letters: (1) from OSC in response to the "whistleblower disclosure"; and (2) from the appellant to the Tennessee Board of Architectural and Engineering Examiners concerning a professional misconduct complaint, both dated February 23, 2015.[9] PFR File, Tab 7.

¶16       The Board generally will not consider evidence submitted for the first time on review absent a showing that: (1) the documents and the information contained therein were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. *Carson v. Department of Energy*, 109 M.S.P.R. 213, ¶ 21 (2008), *aff'd*, 357 F. App'x 293 (Fed. Cir. 2009); *see* 5 C.F.R. § 1201.115(d). The appellant has failed to demonstrate that the evidence at issue is relevant to the Board's dismissal on the grounds of adjudicatory efficiency, and accordingly, the evidence is not material to the outcome of his case. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). Accordingly, we will not consider the new evidence submitted on review and DENY the appellant's March 2, 2015 motion for leave to file additional evidence. *See* 5 C.F.R. § 1201.114(a)(5) (providing that nonstandard pleadings are only accepted on review based on a showing of the nature and need for the pleading).

---

[9] On March 27, March 31, and April 8, the appellant also filed motions for leave to submit the Board's final order in *Carson I* on review, and to submit new argument in his reply regarding the order in *Carson I*. PFR File, Tabs 11, 17, 20. We have taken official notice of our order in *Carson I*, and it is unnecessary for the appellant to submit it on review. *See* 5 C.F.R. § 1201.64 (allowing the Board to take official notice of matters that can be verified). Further, we find that his three motions for leave are moot because he submitted, and we have reviewed, his arguments regarding the effect of *Carson I* on the instant appeal. PFR File, Tab 1 at 6-8, 10. However, having considered these arguments, we find that they do not alter our conclusion that his claims against OSC should be dismissed based on adjudicatory efficiency. *Id.*

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.